IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON, DIVISION

| | |
|---|---|
| KEDRIC CRAWFORD § | |
| PLAINTIFF, § | |
| § | |
| § | CIVIL CASE NO. _____ |
| v. § | |
| § | |
| § | |
| HARRIS COUNTY § | |
| DEFENDANT. | |

## PLAINTIFF ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Kedric Crawford complaining of Defendant Harris County and would show the court the following:

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff against defendant under

2.

### II. INTRODUCTION

3. Few savagely violent police brutality cases that have occurred have been captured on video since the case involving Rodney King when he was brutalized in Los Angeles, California, on March 3, 1991; this is one of them. On July 6, 2019, Mr. Crawford stopped in an H.E.B

parking lot minding his own business when a Baytown Police officer by the name of Sims approached him and began to harass him soon after Serrett arrived and searched his car with Mr. Crawford's consent and found antibiotics.

4. They use the discovery of the antibiotics as a reason and excuse to arrest Crawford. They immediately took him to the ground and began choking, punching, striking, and tasering him as "blood pooled" onto the concrete from his face. Mr. Crawford begged not to be killed. Additional officers arrived, Brown and McDaniel. They joined in and engaged in the unconstitutional violence against Mr. Crawford Brown straddled his back, placing his full body weight on him, as McDaniel struck Mr. Crawford with her baton. A thick mask of his own blood covered Mr. Crawford's face.

5. His eyes were swollen to the size of golf balls due to the orbital fractures on both of his eyes he suffered after being elbowed and punched in his eyes, leaving him unable to open his eyes. He begged for air after he was tasered by three taser device weapon operators leaving two prongs each, reminiscent of fishhooks, embedded in the skin of his back to be pulled out his back by the same officers, instead of medical personnel. He begged to have the handcuffs adjusted because his hand was "twisted up," but the supervisor on scene, Sgt. Davis refused with the statement ain't shit wrong with them, they're staying like they are...". Over seventeen cameras captured footage by bodycam and dashcam on the scene that day, but only one video was released to the public and media[1].

6. The one video released to the public continued to capture only the attack's audio while

---

1

it filmed the ground after it was dislodged from Defendant Sim's body. On that video, an officer could repeatedly be heard asking Mr. Crawford if he wanted "to go night, night? Want to go night, night?" as he held Mr. Crawford in a carotid hold while also squeezing his windpipe choking him. The incident ended in a false arrest for the charge of assault of a public servant, alleging Mr. Crawford's fingernail scratched the officers. Mr. Crawford was taken to Ben Taub Hospital and diagnosed with Maxface trauma blunt, orbital floor fractures, orbital wall fractures. He also suffered skin injuries due to being tasered and the taser prongs pulled from his skin. In addition, he had injuries to Bilateral mild extraconal hemorrhage with temporary complete vision loss due to the swelling. He was released to Harris County, where he was placed in the Harris County Jail custody, where he received no care whatsoever.

## II. DISCOVERY CONTROL PLAN

7. Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under a Level 2 discovery plan.

## III. PARTIES

8. Plaintiff Kedric Crawford is an individual who resides in Harris County, Texas.

9. Defendant, Harris County, is a Governmental Entity and political subdivision of the State of Texas and is a "person" under 42 U.S.C. § 1983 and, at all times relevant to this action, acted under color of law.

10. Defendant, Ed Gonzalez, At all times material to the claims set forth herein, Sheriff Ed Gonzalez (hereinafter "Gonzalez") was the top elected official of the Brazoria County

and its top policymaker for the Harris County Jail, Gonzalez approved the policies regarding the delay and denial of medical care in the jail.

## IV. JURISDICTION AND VENUE

11.     This court has Federal Question jurisdiction over Plaintiff's claims. Jurisdiction exists under 28 U.S.C. §§ 1331 & 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.  This Court has jurisdiction over Plaintiff's other claims under principles of pendent, ancillary, and supplemental jurisdiction under 28 U.S.C. § 1367.

12.     Venue properly lies in the Houston Division of the Southern District of Texas pursuant to general venue statute 28 U.S.C. §1391(b) as Defendants are residents of Harris County, Texas.

13.     This court's jurisdiction is invoked to secure protection of and to redress the deprivation of rights secured by the U.S. Constitution under its Fourth, Eighth, and Fourteenth Amendments. For violations of his federally protected constitutional rights, Plaintiff is entitled to the requested relief against all Defendants because at all times relevant to this action; their conduct was subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

## V. FACTUAL BACKGROUND

14.     On July 6, 2019, Mr. Crawford was traveling through Baytown, Texas. For safety reasons, Mr. Crawford pulled over in an H-E-B parking lot to set his GPS device and call someone on his cell phone.

15. Shane Michael Dunlap was a ride along with law enforcement.

16. Sims and his partner, Officer Samuel Serrett, approached Mr. Crawford while he was sitting in his car. Mr. Crawford rolled down the car window.

17. Sims asked whether he had any weapons on him, to which Mr. Crawford responded "no."

18. Sims and officer Doe claimed that they approached Mr. Crawford because they witnessed him pull into the business parking lot, park, and later change his parking spot.

19. The defendants harassed Mr. Crawford for a few minutes by asking him several questions regarding whether guns and/or drugs were in his vehicle.

20. Mr. Crawford truthfully answered no.

21. As the interaction between Mr. Crawford and Defendants continued, Defendants, without any explanation, attempted to arrest Mr. Crawford.

22. Both defendants threw Mr. Crawford on the ground, tased him multiple times, and beat him with their fists.

23. During the assault, Shane Michael Dunlap, who is much larger than Mr. Crawford, sat on top of Mr. Crawford and choked him as the officers continued with the excessive force. Kevin tasered Mr. Crawford for no reason. He was so overly restrained and a smaller man that he could not move, but the force continued.

24. Shane Michael Dunlap was a ride along with Baytown police officer Sims.

25. At the very start of the encounter, Sims began to harass Mr. Crawford, who was simply trying to set his GPS navigation.

26. Sims began to effectuate an arrest of Mr. Crawford.

27. As Sims is behind Mr. Crawford, with both hands behind his back, he tells Mr. Crawford that he will freaking drop him. Sims then begins to place handcuffs on Mr. Crawford.

28. At no point during the encounter was Mr. Crawford resisting.

29. Before the handcuffs could be placed on Mr. Crawford, Sims exclaimed, "I'm taking him down," then, without cause, violently slammed Mr. Crawford to the concrete floor.

30. During the arrest, Mr. Crawford asked Sims, "what is going on?" and received no response.

31. The illegal arrest soon turned into a violent assault. As the officers continued to assault Mr. Crawford, an H-E-B employee, Dunlap, came over and joined the assault of Mr. Crawford. All three, the officers, and HEB security began to taser Mr. Crawford and violently push his face into the pavement.

32. The HEB employee used his entire body to hold Mr. Crawford down on the pavement.

33. As Dunlap and Sims continued to effectuate an illegal arrest of Mr. Crawford, he was struck with several elbow strikes and closed fist blows.

34. Mr. Crawford sustained several injuries to his face, his eye, and his ribs.

 

35.     In an aggressive use of force by Shane Michael Dunlap, Sims and Serrett repeatedly deployed their tasers against Mr. Crawford that caused further significant injuries.



36.     Harris County DA later dismissed the charges against him.

## VI. CLAIMS

*42 U.S.C. 1983 Denial of Medical Care under the Fourteenth and Fourth Amendments*

37.     Mr. Crawford, a pretrial detainee, was deprived of his Fourteenth and Fourth

Amendment right to adequate medical care while in the Harris County Jail. His rights were violated when Harris County, Sheriff Gonzalez, Policymakers Jail Medical administrator acted with deliberate indifference to his serious medical needs. They failed to properly assess, diagnose, and treat Crawford after he entered the jail. Harris County jail medical personnel did not so much as provide Mr. Crawford with an ice pack or aspirin despite his severe injuries.

### *Claims against Gonzalez and Monell Claims*

38. The Harris County sheriff at all relevant times was Sheriff Ed Gonzalez. In 2009, the DOJ submitted the 2009 DOJ Memorandum directly addressing the unconstitutional policies and practices at the Harris County Jail. The DOJ assigned an individual from the department to continue overseeing and reviewing Harris County's progress in rectifying the constitutional violation that began with the prior Sheriff, Garcia.

39. The DOJ did not clear and remove its oversight from Harris County until 2019. Sheriff Gonzalez was undisputedly aware of the County's conduct and the DOJ's warnings in that memorandum; however, the patterns and practices described by the 2009 DOJ Memorandum continue.

## VII. DAMAGES

40. Plaintiff requests the following relief:

   Award actual damages to the Plaintiff.

   Award Mental Anguish damages to the Plaintiff.

Award exemplary damages to the Plaintiff.

Find that Plaintiff is the prevailing party in this suit at bar and award attorneys' fees under 42 U.S.C. § 1988, expert fees, and court costs pursuant to state and federal law.

## X. PRAYER

41.     Plaintiff prays that he has a judgment against Defendants for actual damages shown and proven at trial, for prejudgment, post-judgment interest, for costs of court, and all other relief, legal and equitable, to which he is entitled.

THE LEWIS LAW GROUP PLLC.
By:/s/ U.A. Lewis
U.A. Lewis
State Bar No. 24076511
Fed. Bar No:1645666
P. O. Box 27353
Houston, TX 77227
Telephone: (713)570-6555
Facsimile: (713) 581-1017
Email:myattorneyatlaw@gmail.com
ATTORNEYS FOR PLAINTIFF